UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, a/s/o Alan Hering and Gail Hering

      Plaintiff,

v.     Case No: 2:15-cv-500-FtM-99CM

TOSHIBA AMERICA INFORMATION SYSTEMS, INC. and BEST BUY STORES, L.P.,

      Defendants.

_____/

# ORDER[1]

This matter comes before the Court on Defendant Best Buy Stores, L.P.'s Motion to Dismiss (Doc. #11) filed on September 3, 2015. Plaintiff Universal Property & Casualty Insurance Company failed to file a response in opposition. The matter is ripe for review.

## Background[2]

This is an action seeking recovery of insurance proceeds paid out after a laptop computer caught fire, causing $158,500 in damages. (Doc. #2). Plaintiff Universal Property & Casualty Insurance Company ("Universal") is a licensed insurer. (Doc. #2 at 1). Defendant Best Buy Stores, L.P. ("Best Buy") is a limited partnership that operates

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The operative Complaint alleges the following facts, which the Court accepts as true for the purpose of deciding the instant Motion to Dismiss. See *Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

retail stores throughout Florida.  (Doc. #2 at 1).  On April 2, 2014, a fire broke out at an apartment located at 3270 Southshore Drive, Apt. 72A, Punta Gorda, Florida, destroying personal property worth over $150,000 that was owned by Universal's insureds.  (Doc. #2 at 1).  An investigation into the origin of this fire revealed that it originated from the battery of a Toshiba laptop sold by Best Buy.  (Doc. #2 at 1-2).  On these limited facts, Universal brings four counts against Best Buy: Strict Liability (Count 5); Negligence (Count 6); Breach of Express Warranty (Count 7); and Breach of Implied Warranty (Count 8).  (Doc. #2 at 5-8).

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss.  *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that

supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh*, 268 F.3d at 1036 n.16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## Discussion

Best Buy asserts five arguments as to why each count asserted against it should be dismissed. The Court will address each in turn.

*1. Best Buy's Florida Statute of Repose for Products Liability Argument*

Best Buy first contends that Counts V and VI must be dismissed because the Complaint "fails to state the delivery date of the subject laptop and/or laptop battery to the first purchaser." (Doc. #11 at 3). To be exact, Best Buy focuses on Florida's Statute of Repose, Fla. Stat. § 95.031(2)(b), and argues that because all products are conclusively presumed to have an expected useful life of 10 years or less, Universal was required to include the date of purchase in both Claims V and VI. Even without the benefit of a response, the Court disagrees.

The only support that Best Buy provides for this position is a case at the summary judgment stage dealing with Florida's Statute of Repose in the aviation context. (Doc. #11 at 3 (citing *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, 2011 U.S. Dist. LEXIS 38656, *6 (M.D. Fla. 2011)). A review of that citation reveals no support for Best Buy's position that the date of purchase must be plead in a products liability claim. But

what that citation does reveal is that this is an issue better suited for summary judgment when Best Buy will likely have ascertained when the product at issue was sold and whether Counts V and VI are time-barred. Until that time, this argument must be denied.

*2. Best Buy's Strict Liability Claim Arguments*

Best Buy next presents two arguments as to why Count V, asserting a strict liability claim, must be dismissed. (Doc. #11 at 3-4).

The first avers Universal's "claim for strict liability must be dismissed for failure to state whether the subject laptop and/or laptop battery in [sic] substantially the same condition in which it was originally sold." (Doc. #11 at 3-4). The Court disagrees. "[T]here are three elements to a strict products liability claim under Florida law: (1) a relationship between the defendant and the product; (2) a defect which caused the product to be unreasonably dangerous; [and] (3) causation between the defect and the harm suffered by the user." *Bailey v. Janssen Pharmaceutica, Inc.*, 288 Fed. Appx. 597, 607 (11th Cir. 2008) (collecting cases). Turning to this action, Universal asserts all three of these elements in its strict liability claim: (1) the Complaint alleges that Best Buy sold the laptop and laptop battery at issue (Doc. #2 at 5); (2) the Complaint alleges that the laptop and/or laptop battery at issue were defective, as they "were subject to catching fire" (Doc. #2 at 5); and (3) the Complaint alleges that an investigation determined that the fire which caused the damages at issue originated from the laptop and/or the laptop battery. (Doc. #2 at 1). Together, these allegations assert a *prima facie* strict liability claim under Florida law.

The second argument contends the strict liability claim must be dismissed because the "Complaint fails to allege how the product was defective or how this defect caused

4

the subject fire." (Doc. #11 at 4). The Court disagrees. As noted above, the Complaint alleges that the laptop and/or laptop battery at issue "were subject to catching fire" and that an investigation determined the fire that caused the damages at issue originated from the laptop and/or laptop battery. These allegations illustrate how Universal believes the product was defective and how this defect caused the damages at issue.

### 3. Best Buy's Negligence Claim Argument

Best Buy continues by arguing Count VI, alleging negligence, must be dismissed because it is "void of any facts whatsoever to support any of the[] elements" of negligence. (Doc. #11 at 4). The Court disagrees. There are four elements to a negligence claim under Florida law: (1) duty; (2) breach; (3) causation; and (4) damages. *See Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010). Count VI alleges each of these elements: (1) Best Buy "owed a duty to the insured(s), the purchasers of the products, to warn of any known defects in the products" (Doc. #2 at 6); (2) Best Buy "breached its duty by failing to place adequate warning signs on the lap[top] and/or batteries, warning of the potential for the products to catch fire during non-use" (Doc. #2 at 6); (3) "[a]s a direct and proximate result of the aforesaid act(s) or omission(s), a fire damaged the insured's home and personal property" (Doc. #2 at 6); and (4) Universal paid "the sum of $157,500.00 for property damage/loss and other related expenses" (Doc. #2 at 6). Together, these allegations assert a *prima facie* negligence claim under Florida law.

### 4. Best Buy's Warranty Claims Argument

Best Buy next argues that Counts VII and VIII,[3] alleging breach of express and implied warranty, respectively, must be dismissed "for failure to state the delivery date of

---

[3] As Best Buy astutely notes, the Complaint contains two "Count VII's" when the breach of implied warranty claim should be labeled instead as Count VIII. (Doc. #2 at 7-8).

the subject laptop and/or laptop battery to the first purchaser or lessee as those claims may be barred by warranty disclaimers and/or the duration of the warranties." (Doc. #11 at 5).  The Court disagrees.  There are six elements to a breach of warranty claim under Florida law: (1) "Facts in respect to the sale of the goods"; (2) "Identification of the types of warranties created . . ."; (3) "Facts in respect to the creation of the particular warranty"; (4) "Facts in respect to the breach of the warranty"; (5) "Notice to seller of breach"; and (6) "The injuries sustained by the buyer as a result of the breach of warranty." *Sparger v. Newmar Corp.*, No. 12-81347-CIV, 2014 WL 3928556, at *6 (S.D. Fla. Aug. 12, 2014) (citations omitted).  Both the breach of express warranty claim and breach of implied warranty claim allege each of these six elements, and therefore assert *prima facie* breach of warranty claims under Florida law.  (Doc. #2 at 7, ¶¶ 18-25; Doc. #2 at 8, ¶¶ 26-34).

Moreover, the citations provided by Best Buy do not appear to support its narrow argument.  For instance, Best Buy primarily cites to Fla. Stat. § 672.313, but nowhere in that statute is it mandated that a plaintiff must plead the delivery date of the subject product.  Likewise, Best Buy's second cite, *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 324 (Fla. 3d DCA 2008), does not mandate that a plaintiff plead the delivery date of the subject product either.  Best Buy also cites several cases to support its proposition that "Florida courts generally treat warranties like contracts, where the terms of the warranty dictate the parties' perspective rights and obligations." (Doc. #11 at 5).  While this proposition might very well be true, none of these cases mandate that a plaintiff plead the delivery date of the subject product.  This argument seems better suited for after discovery when Best Buy will likely be able to state whether the warranty claims are "barred by warranty disclaimers and/or the duration of the warranties."

### 5. Best Buy's Implied Warranty Argument

Best Buy's final argument contends that Count VIII, alleging breach of implied warranty, must be dismissed because it "fails to allege the type of implied warranty alleged to have been breached. . . ." (Doc. #11 at 5).  The Court disagrees.  As noted in the analysis above, Count VIII alleges each of the six elements necessary to assert a *prima facie* breach of warranty claim under Florida law.  Best Buy focuses on the second element here, which requires Universal to identify the type of warranty created.  *See Sparger*, 2014 WL 3928556, at *6.  While Count VIII does not explicitly state implied warranty of merchantability, the claim language mirrors Fla. Stat. § 672.314, which governs that type of warranty.  This language gives Best Buy fair notice of the claim and the grounds upon which it rests.

Accordingly, it is now

**ORDERED:**

Defendant Best Buy Stores, L.P.'s Motion to Dismiss (Doc. #11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 30th day of September, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record